**UNDER SEAL**

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:19-CR- 00 112-JO |
| v. | INDICTMENT |
| GLEN STOLL, | |
| Defendant. | 18 U.S.C. § 2 |
| | 18 U.S.C. § 371 |
| | 26 U.S.C. § 7201 |
| | 18 U.S.C. § 1014 |
| | 18 U.S.C. § 1344 |
| | 18 U.S.C. § 1349 |

**UNDER SEAL**

### THE GRAND JURY CHARGES:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this indictment:

1.     Defendant Glen Stoll (hereinafter referred to as Stoll) was a resident of the state of Washington.

2.     Stoll has served as the "Director and General Counsel" of Remedies at Law since its inception.  Director and General Counsel of Remedies at Law was incorporated in the state of Oklahoma as a corporation sole in 1994.  A related entity, Director of Ecclesiastical Enterprises was incorporated in the state of Washington as a corporation sole in 2002.

**Indictment**                                                                              **Page 1**

3.    Through Remedies at Law and related entities, Stoll has organized, promoted, and marketed fraudulent tax avoidance schemes which have no legitimate purpose and are designed solely to assist people in evading the assessment and collection of federal income taxes.

4.    Stoll maintains a Remedies at Law website at www.remediesatlaw.com.  On the website, Stoll falsely claims he began his "legal career" in 1988.  In reality, Stoll has never held a license to practice law in any state.

5.    Stoll advises clients that they can avoid paying taxes by placing their assets and income into so-called "ministerial trusts."

6.    On June 27, 2005, an Order for Default Judgment and Permanent Injunction was entered against Stoll and Remedies at Law in the United States District Court for the Western District of Washington (Case No. 2:05-cv-00262-RSM, Doc. 22).  Among other things, the injunction permanently restrains Stoll from:  a) organizing, promoting, marketing, or selling any vehicle that assists in the evasion of assessment of federal tax liabilities; b) making false statements about the excludability or shelter of any income; c) instructing or advising others to not file federal income tax returns; and d) promoting the false and frivolous position that federal income taxes can be reduced or eliminated by using corporations sole or ministerial trusts to shelter income.

7.    In September of 2007, Karl Brady and Laurie Brady, husband and wife, began working with Stoll and Remedies at Law to evade the assessment of income taxes and to shield Karl Brady's Northwest Behavioral Healthcare Services (NWBHS) income and other assets from the Internal Revenue Service.

8.      Stoll told Karl Brady that Karl Brady could join the Remedies at Law program if Karl Brady executed certain documents and paid a one-time retainer fee, trust document fees, and an annual maintenance fee.

9.      In September of 2007, Karl Brady and Laurie Brady executed a series of documents at Stoll's direction to join the Remedies at Law Program.  This included documents which purportedly created the "ministerial trusts" Progeny Services and Progeny Foundation. Progeny Services and Progeny Foundation were never registered with any state.

10.     At Stoll's direction, Karl Brady provided Stoll with pictures of himself and Laurie Brady.  As part of Stoll's program, Stoll and others created Embassy of Heaven "licenses" for Karl Brady and Laurie Brady.  The Embassy of Heaven is a separate entity affiliated with Stoll and Remedies at Law.

11.     At Stoll's direction, Karl Brady and others established bank accounts for Progeny Services and Progeny Foundation.  Karl Brady established these bank accounts for the purpose of shielding his income and evading the assessment of his income.

12.     Following the creation of Progeny Services and Progeny Foundation and related bank accounts, at the direction of Stoll, Karl Brady instructed the bookkeeper at NWBHS to direct Karl Brady's salary checks to Progeny Services or other related entities in lieu of direct salary payments to Karl Brady.  Karl Brady directed his payments in this fashion to evade the assessment of income.

13.     Karl Brady and Laurie Brady had full access and control of the funds in the bank accounts for Progeny Services and Progeny Foundation.  Karl Brady and Laurie Brady wrote checks from the Progeny accounts for personal and family expenses.

**Indictment**                                                                                          **Page 3**

14.    Karl Brady received letters from the Internal Revenue Service regarding his federal taxes and failure to file. Karl Brady consulted with Stoll about these inquiries. Stoll advised Karl Brady not to file federal income tax returns and not to respond to any requests from the Internal Revenue Service. Karl Brady did as instructed by Stoll.

15.    In 2011, Stoll and Karl Brady created "ministerial property trusts" and transferred Karl Brady's real property into the trusts.

16.    After Internal Revenue Service Criminal Investigation Agents executed search warrants at Karl Brady's home in 2014, Stoll directed Karl Brady to deposit all of Karl Brady's NWBHS income into an account in the name of From the Heart Foundation. Stoll and his associates at Remedies at Law had sole control over the From the Heart Foundation account.

17.    From July 2014 through August 2016, Karl Brady accessed funds in the From the Heart Foundation account by communicating with Remedies at Law associates. Karl Brady or Laurie Brady submitted check requests to Remedies at Law for funds to pay Karl Brady's personal and family expenses from the From the Heart Foundation nominee account. Stoll reviewed and signed the From the Heart Foundation checks and sent the checks to Karl Brady.

18.    In 2015, Karl Brady sold real property and directed the proceeds of the sales to a nominee account in the name of the Family Defense League. Stoll and his associates at Remedies at Law had sole control over the Family Defense League account. Karl Brady requested and received disbursements from the Family Defense League account.

19.    For 2008 through 2015, during the time period Karl Brady and others worked with Stoll, Karl Brady filed no personal income tax returns, despite receiving income in excess of $3 million dollars and being required by law to do so.

20.     On March 11, 2016, Stoll set up a meeting with Internal Revenue Service

Criminal Investigation Agents, Karl Brady, and Laurie Brady.  At that meeting, Stoll represented

himself as legal church counsel for Karl Brady and Laurie Brady and claimed that Karl Brady

and Laurie Brady were ministers associated with the Embassy of Heaven.

21.     The Internal Revenue Service is an agency of the Unites States Department of

Treasury responsible for administering and enforcing the tax laws of the United States and

collecting taxes owed to the United States Treasury.

### COUNT ONE
### (Conspiracy to Defraud the United States)
### (18 U.S.C. § 371)

22.     Paragraphs One through Twenty-One (21) of the Introductory Allegations are

incorporated herein.

### OBJECT OF THE CONSPIRACY

23.     Beginning in or about September 2007 and continuing through March 2016,

within the District of Oregon, and elsewhere, defendant Stoll and others, known and unknown,

unlawfully and knowingly combined, conspired, confederated, and agreed together to defraud the

United States by deceitful and dishonest means by impeding, impairing, obstructing, and

defeating the lawful government functions of the Internal Revenue Service (IRS), an agency of

the United States, in the ascertainment, computation, assessment, and collection of revenue, that

is, federal individual income taxes.

### MANNER AND MEANS AND SCHEME TO DEFRAUD

24.     Defendant Stoll and others, known and unknown to the grand jury, carried out

their conspiracy using the following manner and means, among others:

**Indictment**                                                              **Page 5**

a.   Creating nominees, including entities and trusts, to hold legal title to real and personal property;

b.   Using nominees, including entities and trusts, and associated financial accounts to conceal and to attempt to conceal income and assets from the IRS;

c.   Using nominees, including entities and trusts, to pay personal expenses;

d.   Causing NWBHS to pay salary and other compensation for Karl Brady to nominees, including entities and trusts.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

To further the conspiracy and to affect its objects, defendant Stoll and others, known and unknown, committed the following overt acts in the District of Oregon and elsewhere.

25.   Between September 2007 and December 2014, defendant Stoll and Karl Brady caused NWBHS to pay Karl Brady's salary and other compensation to nominees.

26.   On or about September 20, 2007, defendant Stoll, Karl Brady, and Laurie Brady executed documents purporting to create "ministerial trusts" called Progeny Services and Progeny Foundation.

27.   On or about November 28, 2007, defendant Stoll and Karl Brady and others signed a signature card for a bank account in the name of Progeny Foundation at Wachovia Bank.

28.   On or about November 17, 2011, defendant Stoll and Karl Brady executed a Quit Claim Deed transferring Karl Brady's rental property at 21151 S. Richard Court to PLand-1 LRC Trust.

29.    On or about November 17, 2011, defendant Stoll and Karl Brady executed a Quit Claim Deed transferring Karl Brady's personal residence and 14.6 acres at 19661 S. Redland Road to PLand-3 RR Trust.

30.    On or about November 17, 2011, defendant Stoll and Karl Brady executed a Quit Claim Deed attempting to transfer Karl Brady's vacation home at 54-302 Hauula Homestead Rd in Hauula, Hawaii, to PLand-2 Condo Trust.

31.    On or about July 2, 2014, at defendant Stoll's direction, Karl Brady caused NWBHS to issue check #16731 in the amount of $10,000 to From the Heart Foundation.

32.    On or about July 2, 2014, at defendant Stoll's direction, Karl Brady deposited NWBHS check #16731 into a Bank of America account in the name of From the Heart Foundation.

33.    On or about July 14, 2014, defendant Stoll caused check #1133 in the amount of $1,400 payable to the Oregon City 2nd Ward of the LDS Church to be drawn on the Bank of America account in the name of From the Heart Foundation.

34.    On or about January 19, 2015, at defendant Stoll's direction, Karl Brady signed and submitted a W-4 to NWBHS, claiming to be exempt from federal income taxes.

35.    On or about January 21, 2015, at defendant Stoll's direction, Karl Brady caused NWBHS to issue checks #10241, 10242, and 10243, totaling $29,550.02 payable to Karl Brady.

36.    On or about January 21, 2015, at defendant Stoll's direction, Karl Brady purchased M Bank cashier's check #44224 totaling $29,550.02 payable to From the Heart Foundation with NWBHS checks #10241, 10242, and 10243.

**Indictment**                                                                                   **Page 7**

37.    On or about January 21, 2015, at defendant Stoll's direction, Karl Brady deposited M Bank Cashier's check #44224 in the amount of $29,550.02 into a Bank of America account in the name of From the Heart Foundation.

38.    On or about February 1, 2015, defendant Stoll and others caused check #1198 in the amount of $4,000 payable to the LDS Church for Karl Brady's tithing on income to be drawn on the Bank of America account in the name of From the Heart Foundation.

39.    On or about August 26, 2015, at defendant Stoll's direction, Karl Brady caused NWBHS to issue check #10327 in the amount of $14,646.84 payable to Karl Brady.

40.    On or about August 26, 2015, at defendant Stoll's direction, Karl Brady cashed NWBHS check #10327 for $14,646.84.

41.    On or about August 26, 2015, at defendant Stoll's direction, Karl Brady caused the deposit of $14,646.84 in cash into a Bank of America account in the name of From the Heart Foundation.

42.    On or about September 1, 2015, defendant Stoll and others caused check #1393 in the amount of $1,000, payable to a Karl Brady family member, to be drawn on the Bank of America account in the name of From the Heart Foundation.

43.    On or about September 1, 2015, defendant Stoll and others caused check #1396 in the amount of $3,400 payable to the LDS Church for Karl Brady's tithing on income to be drawn on the Bank of America account in the name of From the Heart Foundation.

44.    On March 11, 2016, Stoll set up a meeting with Internal Revenue Service Criminal Investigation Agents, Karl Brady, and Laurie Brady. At that meeting, Stoll represented himself as legal church counsel for Karl Brady and Laurie Brady. Stoll claimed that Karl Brady

**Indictment**                                                                                          **Page 8**

and Laurie Brady were ministers associated with the Embassy of Heaven and had done nothing wrong. During the meeting, Stoll acknowledged the existence of the 2005 injunction.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
### (Evasion of Income Tax)
### (26 U.S.C. § 7201)

45.     Paragraphs One through Twenty-One (21) of the Introductory Allegations are incorporated herein.

46.     During the calendar year 2012, Karl Brady had and received taxable income. Upon that taxable income, there was owing to the United States of America an income tax. Well knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2013, as required by law, to any proper officer of the IRS and to pay the IRS the income tax, defendant Stoll and others, including Karl Brady, from on or about April 15, 2013, through the date of this indictment, in the District of Oregon and elsewhere, did willfully attempt to evade and defeat the assessment of income tax due and owing by Karl Brady to the United States of America for the calendar year 2012 by committing affirmative acts of evasion, including but not limited to:

47.     Using nominees, including entities and trusts, and associated financial accounts to conceal and to attempt to conceal income and assets from the IRS;

48.     Using nominees, including entities and trusts, and associated financial accounts to pay Karl Brady's personal and family expenses;

49.     Causing NWBHS to pay Karl Brady's salary and other compensation to nominees, including entities and trusts, to conceal and to attempt to conceal it from the IRS; and

Indictment                                                              Page 9

50.     Otherwise concealing and attempting to conceal from all proper officers of the United States of America Karl Brady's true and correct income.

All in violation of 26 U.S.C. § 7201.

### COUNT THREE
### (Evasion of Income Tax)
### (26 U.S.C. § 7201)

51.     Paragraphs One through Twenty-One (21) of the Introductory Allegations are incorporated herein.

52.     During the calendar year 2013, Karl Brady had and received taxable income. Upon that taxable income, there was owing to the United States of America an income tax.  Well knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2014, as required by law, to any proper officer of the IRS and to pay the IRS the income tax, defendant Stoll and others, including Karl Brady, from on or about April 15, 2014, through the date of this indictment, in the District of Oregon and elsewhere, did willfully attempt to evade and defeat the assessment of income tax due and owing by Karl Brady to the United States of America for the calendar year 2013 by committing affirmative acts of evasion, including but not limited to:

53.     Using nominees, including entities and trusts, and associated financial accounts to conceal and to attempt to conceal income and assets from the IRS;

54.     Using nominees, including entities and trusts, and associated financial accounts to pay Karl Brady's personal and family expenses;

55.     Causing NWBHS to pay Karl Brady's salary and other compensation to nominees, including entities and trusts, to conceal and to attempt to conceal it from the IRS; and

**Indictment**                                                                                    **Page 10**

56.     Otherwise concealing and attempting to conceal from all proper officers of the United States of America Karl Brady's true and correct income.

All in violation of 26 U.S.C. § 7201.

## COUNT FOUR
### (Evasion of Income Tax)
### (26 U.S.C. § 7201)

57.     Paragraphs One through Twenty-One (21) of the Introductory Allegations are incorporated herein.

58.     During the calendar year 2014, Karl Brady had and received taxable income. Upon that taxable income, there was owing to the United States of America an income tax. Well knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2015, as required by law, to any proper officer of the IRS and to pay the IRS the income tax, defendant Stoll and others, including Karl Brady, from on or about April 15, 2015, through the date of this indictment, in the District of Oregon and elsewhere, did willfully attempt to evade and defeat the assessment of income tax due and owing by Karl Brady to the United States of America for the calendar year 2014 by committing affirmative acts of evasion, including but not limited to:

59.     Using nominees, including entities and trusts, and associated financial accounts to conceal and to attempt to conceal income and assets from the IRS;

60.     Using nominees, including entities and trusts, and associated financial accounts to pay Karl Brady's personal and family expenses; and

61.     Causing NWBHS to pay Karl Brady's salary and other compensation to nominees, including entities and trusts, to conceal and to attempt to conceal it from the IRS; and

**Indictment**                                                                          **Page 11**

62.     Otherwise concealing and attempting to conceal from all proper officers of the
United States of America Karl Brady's true and correct income.

All in violation of 26 U.S.C. § 7201.

### COUNT FIVE
### (Conspiracy to Commit Bank Fraud)
### (18 U.S.C. § 1349, 1344)

63.     Paragraphs One through Twenty-One (21) of the Introductory Allegations are
incorporated herein.

64.     In 2014 and 2015, Bank of America/Green Tree Lending and Caliber Home
Loans were mortgage lending institutions engaged in the business of providing mortgage loans to
qualified applicants, and are financial institutions as defined by 18 U.S.C. § 20.

### OBJECT OF THE CONSPIRACY

65.     Beginning in or about September 2014 and continuing until in or about August
2015, in the District of Oregon and elsewhere, defendant Stoll conspired and agreed, with Karl
Brady and with others known and unknown, to commit the following offense in violation of 18
U.S.C. § 1349:

a. **Bank Fraud**: The defendant knowingly devised and intended to devise a material
scheme and artifice to defraud Bank of America/Green Tree Lending and Caliber Home
Loans, financial institutions as defined by 18 U.S.C. § 20, by means of materially false
and fraudulent statements, representations, promises, and omissions in violation of 18
U.S.C. § 1344.

### MANNER AND MEANS OF THE CONSPIRACY

66.     During the timeframe alleged, defendant Stoll became a member of the
conspiracy knowing of its object and intending to help accomplish it.

**Indictment**                                                                                    **Page 12**

67.    As part of the conspiracy, during the timeframe alleged, defendant Stoll knowingly counseled, aided and assisted Karl Brady in submitting a false short sale application and other fraudulent documents to avoid repayment to mortgage lending institutions on a property in Hawaii.

68.    As part of the conspiracy, on or about September 2, 2014, defendant Stoll, Karl Brady and others communicated via email regarding the content of Karl Brady's false short sale application form.

69.    As part of the conspiracy, Karl Brady submitted a short sale application form to his lenders, Bank of America/Green Tree Lending and Caliber Home Loans, dated June 15, 2015.  In the form, which defendant Stoll assisted in preparing, Karl Brady falsely listed "none" as his monthly household income.

70.    As part of the conspiracy, Karl Brady submitted a letter in support of his short sale application form to his lenders, Bank of America/Green Tree Lending and Caliber Home Loans, dated June 25, 2015.  In the letter, which defendant Stoll assisted in preparing, Karl Brady falsely states that he and his wife were under the complete care of a church ministry, had no income, no assets, and were completely dependent on a church.

71.    Defendant Stoll and Karl Brady submitted the false short sale application and letter in support of the application to influence the financial institutions' decision to accept and authorize the short sale.

All in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 1349.

/ / /


/ / /

**Indictment**                                                                                          **Page 13**

## COUNT SIX
**(Bank Fraud)**
**(18 U.S.C. § 1344)**

72.     Paragraphs One through Twenty-One (21) of the Introductory Allegations and paragraph Sixty-Four (64) are incorporated herein.

73.     Beginning in or about September 2014 and continuing until in or about August 2015, in the District of Oregon and elsewhere, defendant Stoll and others, known and unknown, knowingly devised and intended to devise a material scheme and artifice to defraud Bank of America/Green Tree Lending and Caliber Home Loans, financial institutions as defined by 18 U.S.C. § 20, by means of materially false and fraudulent statements, representations, promises, and omissions.

74.     It was part of the scheme that defendant Stoll knowingly counseled, aided and assisted and with others, known and unknown, in submitting a false short sale application and false supporting documents to Bank of America/Green Tree Lending and Caliber Home Loans for Karl Brady to avoid repayment to mortgage lending institutions on a property in Hawaii.

75.     On or about June 15, 2015, defendant Stoll, for the purposes of executing a material scheme to defraud by means of materially false and fraudulent pretenses, representations, promises, and omissions of fact, caused a fraudulent short sale application and letter in support of short sale application to be submitted to Bank of America/Green Tree Lending and Caliber Home Loans, financial institutions as defined by 18 U.S.C. § 20.  In the short sale application and supporting documents, defendant Stoll and others falsely stated that Karl Brady and his wife were under the complete care of a church ministry, had no income, no assets, and were completely dependent on a church.

**Indictment**                                                                                  **Page 14**

76.     Relying on the false short sale application and supporting letter, Bank of America/Green Tree Lending and Caliber Home Loans authorized and approved the short sale.

77.     Based on the false short sale application and related documents, Caliber Home Loans suffered losses of $73,701.48 on the first mortgage and Bank of America/Greentree suffered losses of $48,083.77 on the second mortgage.

All in violation of Title 18 U.S.C. § 1344 and 18 U.S.C. § 2.

### COUNT SEVEN
**(False Statement on a Loan Application)**
**(18 U.S.C. § 1014)**

78.     On or about June 15, 2015, in the District of Oregon and elsewhere, defendant Stoll and others known and unknown, knowingly made false statements on a short sale application and letter in support of short sale application, for the purpose of influencing the action of a mortgage lending business, namely Bank of America/Green Tree Lending and Caliber Home Loans, financial institutions as defined by 18 U.S.C. § 20, in connection with an application or loan forbearance, in that the defendant falsely represented that Karl Brady had no monthly household income, and that Karl Brady and his wife were under the complete care of a church ministry, had no income, no assets, and were completely dependent on a church, when in

/ / /

/ / /

/ / /

**Indictment**                                                                                                   **Page 15**

truth and fact defendant Stoll knew those statements were false.

All in violation of Title 18 U.S.C. § 1014 and 18 U.S.C. § 2.

Dated: April 9, 2019.

A TRUE BILL

████████████████████

OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
United States Attorney

DONNA BRECKER MADDUX, OSB #023757
Assistant United States Attorneys

**Indictment**                                                    **Page 16**